1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11   GAY L. JOHNSON,                    CASE NO. 07-0233-W(LSP)

12                    Plaintiff,        ORDER GRANTING IN PART
                                        AND DENYING IN PART
13   v.                                 DEFENDANT'S REQUEST
                                        FOR ATTORNEYS FEES
14   LPL FINANCIAL SERVICES,

15                    Defendant.

16

17        On July 25, 2007, the Court conducted a Settlement Conference

18   in this action, at which a settlement was achieved.  As part of the

19   settlement, the parties consented to the jurisdiction of the

20   undersigned to decide, *inter alia*, all disputes regarding settlement

21   terms arising during the documentation thereof not resolved by the

22   parties themselves.  The parties also agreed that any decision by

23   the undersigned with regard to the undersigned's decision regarding

24   settlement terms, would be final, binding and non-appealable.

25        On August 31, 2007, Plaintiff's counsel informed the Court by

26   letter that a dispute had arisen between the parties regarding the

27   proper issuance of IRS Form 1099s after payment of the agreed

28   settlement amount (hereafter "IRS dispute").

On September 5, 2007, Defendant's counsel responded via letter to Plaintiff's counsel's August 31, 2007 letter.[1]  On October 4, 2007, Plaintiff's counsel responded to Defendant's counsel's September 5, 2007 letter.

On October 9, 2007, the Court ordered Plaintiff's and Defendant's counsel to appear for a hearing regarding the IRS dispute.  In the October 9, 2007 Order, the Court stated:

> To the extent a party has taken a clearly erroneous position regarding the IRS issues raised in Plaintiff's letter brief of August 31, 2007, Defendant's letter brief of September 5, 2007 and Plaintiff's letter brief of October 4, 2007, that party shall be ordered to pay the other party's expenses in litigating the issues discussed in those letter briefs.

On October 10, 2007, the hearing was held.  Plaintiff's and Defendant's counsel attended the hearing.  At the hearing, Plaintiff's counsel recognized that the position he held, as stated in his August 31 and October 4, 2007 letters, was erroneous.

At the October 10, 2007 hearing, Defendant's counsel requested that Plaintiff pay Defendant's attorneys fees incurred in litigating the IRS dispute.  The Court ordered that Defendant file a declaration stating the time and fees incurred in researching and litigating the dispute.

On October 17, 2007, the Court issued a written Order Regarding Form 1099 Issuing Requirements After Payment of Settlement.  The October 17, 2007 Order found Defendant's position to be correct.

On October 16, 2007, Defendant's counsel submitted the declaration, as ordered.  On October 31, 2007, Plaintiff's counsel

---

[1] The Court notes that prior to August 31, 2007, Plaintiff's and Defendant's counsel engaged in numerous discussions via e-mail regarding the IRS dispute. Defendant's counsel's September 5, 2007 letter includes as exhibits numerous e-mails between counsel regarding the dispute.

1 submitted a Reply to Defendant's counsel's declaration.

2      Thereafter, the Court requested that Defendant's counsel submit

3 to it *in camera*, a supplemental declaration containing Defendant's

4 counsel's unredacted billing statements regarding the IRS dispute.

5 On November 26, 2007, Defendant's counsel submitted to the Court *in*

6 *camera*, a Supplemental Declaration, attached to which were

7 unredacted billing statements regarding the IRS dispute.

8 Plaintiff's counsel was served with a redacted copy of Defendant's

9 counsel's billing statements.  On November 30, 2007, Plaintiff's

10 counsel filed a Supplemental Reply to the Supplemental Declaration

11 of Defendant's counsel.

12      The Court, having reviewed the letters, briefs, declarations of

13 counsel, and billing statements, and GOOD CAUSE APPEARING, HEREBY

14 ORDERS:

15      It is clear to the Court that by late August 2007, or by early

16 September 2007, the parties could have resolved the IRS dispute.  If

17 the parties had done so, it is unlikely that Defendant would have

18 sought its attorneys fees incurred in litigating the  dispute.

19      Therefore, taking into account the events starting in early

20 September 2007, the approach each party utilized in resolving the

21 dispute and the expenses incurred by Defendant in establishing its

22 position with regard to the dispute, the Court ORDERS that Plaintiff

23 pay Defendant the sum of $8,610.00 (including costs), for attorneys

24 fees and costs incurred in litigating the IRS dispute.

25 \\

26 \\

27 \\

28 \\

Payment of Defendant's attorneys fees, as ordered herein, is stayed until either the settlement agreed to by the parties is confirmed, or a final judgment is entered.

IT IS SO ORDERED.

DATED:   December 27, 2007

_____
Hon. Leo S. Papas
U.S. Magistrate Judge

07cv0233